```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA
```

DR. THAYNE GRIENER                                CIVIL ACTION

V.                                                NO. 16-13407

UNITED STATES OF AMERICA                          SECTION "F"

                        ORDER AND REASONS

    Before the Court is the defendant's Rule 12(b)(1) motion to dismiss. For the following reasons, the motion is GRANTED.

## Background

    This is a lawsuit under the Federal Tort Claims Act (FTCA). Dr. Thayne Griener is a board certified otolaryngologist who began working at the Southeast Louisiana Veterans Health Care System in New Orleans in 2007. He initially learned about the position from a medical school colleague, Dr. Mary Fazekas-May, who also worked at the VA. When Dr. Griener began working for the VA, he significantly curtailed his private medical practice in Pascagoula, Mississippi. Dr. Griener worked 40 hours per week every other week and 30 hours per week on the alternate weeks. This schedule classified him as a part-time employee with an average of 35 hours per week.

    After working at the VA for nearly five years, Dr. Griener received a termination notice on July 9, 2012. The notice informed him that he was terminated because he engaged in alleged inappropriate behavior. However, Dr. Griener responds that his

1

termination was in retaliation for his opposition to VA practices and his vocal complaints about these practices. He points out that he blew the whistle on VA practices that he believed violated the laws, rules, and regulations which govern patient care.

Dr. Griener complains that his termination caused him extreme emotional distress, mental anguish, loss of enjoyment of life, suffering, and personal and professional embarrassment. He also alleges that reviving his private practice in Pascagoula has been a slow and arduous task and that his loss of income is substantial.

In response to his termination, Dr. Griener filed an administrative Federal Tort Claims Act claim with the United States Department of Veterans Affairs; that claim was denied. He then sought reconsideration of the denial; the reconsideration request was also denied. Dr. Griener now files this civil lawsuit against the government under the FTCA. In response, the government contends that the plaintiff's FTCA claims are preempted by the Civil Services Reform Act (CSRA) and moves this Court to dismiss the plaintiff's complaint.[1]

I.

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "As a court of

---

[1] The issue is new to this Court and to the Fifth Circuit.

2

limited jurisdiction, a federal court must affirmatively ascertain subject-matter jurisdiction before adjudicating a suit. The district court should dismiss where it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." Venable v. Louisiana Workers' Compensation Corp., 740 F.3d 937, 941 (5th Cir. 2014)(citations and internal quotations omitted).

Contrary to a 12(b)(6) motion, the Court may find a plausible set of facts to support subject matter jurisdiction by considering any of the following: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Spotts v. United States, 613 F.3d 559, 565-66 (5th Cir. 2010)(citation omitted). "The burden of proof for a Rule 12(b)(1) motion is on the party asserting jurisdiction." Alfonso v. United States, 752 F.3d 622, 625 (5th Cir. 2014)(quoting In re FEMA Trailer Formaldehyde Prods. Liab. Litig., 646 F.3d 185, 189 (5th Cir. 2011)(internal citation and quotation marks omitted)).

12(b)(1) is similar to that applicable to motions to dismiss under Rule 12(b)(6). See Williams v. Wynne, 533 F.3d 360, 364-65 n.2 (5th Cir. 2008)(observing that the Rule 12(b)(1) and Rule 12(b)(6) standards are similar, but noting that applying the Rule 12(b)(1) standard permits the Court to consider a broader range of

3

materials in resolving the motion). "'[T]he central issue [in deciding a motion to dismiss] is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.'" Gentilello v. Rege, 627 F.3d 540, 544 (5th Cir. 2010)(citation omitted).

## II.

In 1978 Congress enacted the Civil Services Reform Act to replace the old service system, which was an "outdated patch work of statutes and rules built up over almost a century." United States v. Fausto, 484 U.S. 439, 444 (1988) (internal citation and quotation marks omitted). By enacting the CSRA, Congress created "an integrated scheme of administrative and judicial review, designed to balance the legitimate interests of the various categories of federal employees with the needs of sound and efficient administration." Id. at 445. The novel issue presented here is whether the CSRA preempts the FTCA in this case.

The CSRA provides a "remedial scheme through which federal employees can challenge their supervisors' 'prohibited personnel practices.'" Orsay v. U.S. Dep't of Justice, 289 F.3d 1125, 1128 (9th Cir. 2002) (quoting 5 U.S.C. § 2302). If the employee challenges a conduct that qualifies as a "prohibited personnel practice[]," the CSRA's administrative procedures are the only remedy for the employee. Id. "The CSRA's remedial scheme is both exclusive and preemptive because 'permit[ting] FTCA claims to

4

supplant the CSRA's remedial scheme' would defeat Congress' purpose of creating a single system of procedures and remedies, subject to judicial review.'" Mangano v. United States, 529 F.3d 1243, 1246 (9th Cir. 2008) (quoting Rivera v. United States, 924 F.2d 948, 951 (9th Cir. 1991)).

III.

Dr. Griener contends that he is not subject to the CSRA because he was a part-time physician appointed under 38 U.S.C. § 7405(a)(1). That statute provides that an agency may employ part-time physicians "without regard to civil service or classification laws, rules, or regulations . . . ." See 38 U.S.C. § 7405(a). Dr. Griener argues that this statutory language specifically exempts his employment from all laws, rules, or regulations relating to civil servants, particularly the CSRA.

Dr. Griener, however, fails to recognize that Congress amended that CSRA to provide that "employees appointed under chapter 73 or 74 of title 38 shall be employees" for purposes of various sections under the CSRA, including § 2302, which governs prohibited personnel practices.[2] 5 U.S.C. § 2105(f); see also Mangano, 529 F.3d at 1246. "In effect, §2105(f) is an exception to a carve-out." Mangano, 529 F.3d at 1247. "Congress could not have

---

[2] Dr. Griener was appointed under 38 U.S.C. § 7405, which is Chapter 74 of Title 38. Dr. Griener's appointed position falls under this amendment and qualifies his position as one governed by certain provisions of the CSRA.

5

made it clearer that part-time VA employees must pursue claims of prohibited personnel practices through CSRA grievance procedures." Id. (internal quotations omitted).

Importantly, a plaintiff's FTCA claims are preempted by the CSRA if the conduct complained of can be classified as "prohibited personnel practices" within the meaning of the CSRA. "The CSRA defines prohibited personnel practices as any personnel action taken by someone in authority that violates one of the twelve enumerated practices." Id.; 5 U.S.C. § 2302(b). An example of a "personnel action" under the CSRA is a "significant change in duties, responsibilities, or working conditions." 5 U.S.C. § 2302(a)(2)(A)(xi). Dr. Griener's claim that he was unfairly terminated falls squarely within the statutory text governing prohibited personnel practices. See id.; Mangano, 529 F.3d at 1247. Additionally, Dr. Griener contends that he was terminated because he reported unsafe and illegal activities occurring at the VA Medical Center. "Discipline for being a whistleblower is an enumerated 'prohibited personnel practice.'" Mangano, 529 F.3d at 1248 (quoting 5 U.S.C. § 2302(b)).

## IV.

Dr. Griener's FTCA claims undoubtedly involve personnel actions that can be challenged as prohibited personnel practices. His appointed position is governed by the CSRA for prohibited personal practices purposes. Therefore, the CSRA preempts those

6

claims and Dr. Griener's contention that his position is not governed by the CSRA for these purposes fails.

IT IS ORDERED: that the government's motion to dismiss is hereby GRANTED.

New Orleans, Louisiana, February 9, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE