```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF LOUISIANA

DR. THAYNE GRIENER                              CIVIL ACTION

V.                                              NO. 16-13407

UNITED STATES OF AMERICA                        SECTION "F"
```

ORDER AND REASONS

Before the Court is the plaintiff's motion for reconsideration of the Court's Order and Reasons dismissing the case pursuant to Federal Rules of Civil Procedure Rule 12(b)(1). For the following reasons, the motion is DENIED.

**Background**

The facts underlying this case are set out fully in the Court's previous Order and Reasons and for the sake of brevity are not repeated here. Dr. Thayne Griener filed this lawsuit under the Federal Tort Claims Act (FTCA) against the Government. He worked at the Southeast Louisiana Veterans Health Care System in New Orleans as a part-time employee. Following his termination in July 2012, Dr. Griener pursued numerous administrative remedies, all of which were denied. He ultimately filed this civil lawsuit claiming he had been subjected to a prohibited personnel practice, namely, terminated in retaliation for complaining about VA practices. In response, the Government contended that his FTCA claims were preempted by the Civil Services Reform Act (CSRA) and moved the Court to dismiss his claims for lack of subject matter

1

jurisdiction. The Court granted the Government's motion and dismissed Dr. Griener's claims. Dr. Griener now moves for reconsideration of that dismissal under Rule 59.

I.

A district court has considerable discretion to grant or to deny a motion for reconsideration. See Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993). A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly. See Fields v. Pool Offshore, Inc., No. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998), aff'd, 182 F.3d 353 (5th Cir. 1999); Bardwell v. George G. Sharp, Inc., Nos. 93-3590, 93-3591, 1995 WL 517120, at *1 (E.D. La. Aug. 30, 1995). The Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." Edward H. Bohlin Co., 6 F.3d at 355. Thus, the Fifth Circuit has held that "a 59(e) motion to reconsider should not be granted unless: (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." Infusion Resources, Inc. v. Minimed, Inc., 351 F.3d 688, 696-97 (5th Cir. 2003). Courts have consistently denied relief under Rule 59(e) where the moving party seeks only to reargue the same points without offering new evidence

2

or new legal support.  Sears v. Lee, 2010 WL 324385, at *1 (E.D. La. Jan. 20, 2010).

II.

At the root of the plaintiff's argument for reconsideration is an idea that there is a fundamental unfairness in his inability to pursue an FTCA claim in this Court when the Merit System Protection Board (MSPB) also dismissed an appeal of his termination because of his part-time employee status. The issue, he argues, is that the MSPB precluded him from pursuing his termination claims because he was a part-time employee and this Court also precludes his termination claims because his appointed position falls in a category statutorily preempted from bringing FTCA claims. As such, the plaintiff has hit a dead end of avenues upon which to sue the VA.

In dismissing the plaintiff's case, the Court relied on Congress' intent, and courts' interpretations of that intent, when enacting the CSRA. The Court now reiterates that "[t]he Fifth Circuit has held that in view of the remedial system set forth in the CSRA, the CSRA provides the exclusive remedy for claims against federal employers for conduct constituting 'prohibited personnel practices,' and 'preempts *any judicial remedy* for such claims." Buckhanan v. Shinseki, No. 13-278, 2013 WL 5517903, *3 (S.D. Miss. Oct. 3, 2013) (quoting Schwartz v. Int'l Federation of Prof'l & Tech. Eng'rs, AFL-CIO, 306 F. App'x 168, 172 (5th Cir. 2009))

(emphasis added). "In fact, a federal employee's personnel-related complaints are preempted 'even if no remedy [is] available . . . under the CSRA.'" Mangano v. United States, 529 F.3d 1243, 1246 (9th Cir. 2008) (quoting Collins v. Bender, 195 F.3d 1076, 1079 (9th Cir. 1999)).

In this motion, the plaintiff does not allege newly discovered facts or evidence or a change in law. Rather, he implies that the Court overlooked the unfairness in its outcome when it held he could not pursue his personnel-related complaints in this Court, knowing that the MSPB also precluded him from pursuing his claims. Dr. Griener merely seeks to reargue the same points without offering new evidence or new legal support demonstrating that courts have interpreted the relevant statutes differently. See Sears, 2010 WL 324385, at *1.

Accordingly, IT IS ORDERED: that Dr. Griener's motion for reconsideration is hereby DENIED.

New Orleans, Louisiana, April 5, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

4